UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE J. POLICORO,

        Plaintiff,

v.

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendants.
                                /

Case No. 1:09-CV-71

HON. ROBERT HOLMES BELL

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>AFFIRMING THE COMMISSIONER OF SOCIAL SECURITY</u>**

On March 22, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that this Court affirm the final decision of the Commissioner of Social Security, which denied Plaintiff's claim for disability insurance benefits. (Dkt. No. 13.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 14.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff objects to the ALJ and Magistrate Judge's level of deference to the medical opinions of Dr. Siemer, the Plaintiff's long-time family physician. Plaintiff reiterates her position that Dr. Siemer's opinion should be given controlling weight under the treating physician rule, which states that "[g]enerally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004) (*citing* 20 C.F.R. § 404.1527(d)(2)).

However, as the Magistrate Judge correctly notes, the opinion of a treating physician is *not* entitled to controlling weight if "inconsistent with substantial evidence in [the] case record," or "[not] well-supported by medically acceptable clinical and laboratory diagnostic techniques." (Dkt. No. 13) (*quoting* 20 C.F.R. § 404.1527(d)(2)). Plaintiff argues that, since fibromyalgia *cannot* be diagnosed by clinical or laboratory tests, Dr. Siemer's opinion should receive controlling weight without objective medial corroboration. That does not follow. The opinion of a treating physician is certainly relevant in all cases, but only those opinions which are consistent with other substantial evidence and which can be supported by objective clinical or laboratory techniques are entitled to controlling weight as a matter of law.

Plaintiff accuses the Magistrate Judge of ignoring the particularities of fibromyalgia (Dkt. No. 14 at 4), but this is plainly incorrect. The Magistrate Judge acknowledges that fibromyalgia cannot be positively diagnosed through objective means. (Dkt. No. 13 at 7-8.) As no objective, definitive diagnosis is possible, the Magistrate Judge touches upon all of the

2

evidence considered by the ALJ in making his determination. Plaintiff simply disagrees with the ALJ and Magistrate Judge's legal interpretation and application. The Magistrate Judge found, and this Court agrees, that the ALJ's determination that Dr. Siemer's opinion should not receive controlling weight in this case was supported by substantial evidence.

After considering Plaintiff's objection and reviewing the entire R&R, the Court concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's objections (Dkt. No. 14) to the R&R are **DENIED**.

**IT IS FURTHER ORDERED** that the March 22, 2010, R&R (Dkt. No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.


Dated: September 22, 2010 　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE