UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE J. POLICORO,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

File No. 1:09-cv-71

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On July 13, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, be granted in part and denied in part, and that a judgment be entered in Plaintiff's favor in the amount of $4,917.50. (Dkt. No. 34.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 35.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On June 7, 2012, Plaintiff filed a motion for fees and costs in the amount of $16,160.86. (Dkt. No. 28.) On June 28, 2012, while Plaintiff's initial motion remained pending, the parties stipulated to a proposed award in the amount of $14,500.00. (Dkt. No. 33). The stipulation did not provide any accounting of hours, rates, or expenses. The Magistrate Judge determined that the requested fees were excessive, and that an award in the amount of $4,917.50 would be appropriate for legal services in the present case.

Plaintiff objects that the Magistrate Judge did not defer to the proposed fee. Specifically, the Magistrate Judge made use of the hourly breakdown submitted in the original fee petition (Dkt. Nos. 28, 29) rather than accepting at face value the unaccounted figure in the subsequent stipulated agreement. (Dkt. No. 35). Plaintiff cites a number of out-of-circuit cases to suggest that it was inappropriate for the Magistrate Judge to disturb the agreement as to fees because of the large amount of negotiation required for the parties to reach that agreement. *Id.*

The fact that negotiation took place before filing a stipulation does not remove a judge's duty to ensure the reasonableness of a proposed fee award. The fact that the Magistrate Judge considered all of the documents filed and his own extensive experience in determining whether the requested fees and costs were reasonable was a proper exercise of judicial discretion. Furthermore, this Court concurs that the billable hours represented and the total fee requested by Plaintiff is excessive for a case of this nature.

Plaintiff also objects that the Magistrate Judge ignored the evidence submitted in justification of an hourly-rate increase beyond the statutory maximum based on an increase

2

in the cost of living as documented by the Consumer Price Index. The Magistrate Judge did not ignore that evidence, he simply did not find it sufficient to warrant an increase beyond the statutory fee ceiling. This Court concurs.

Having concluded that the Magistrate Judge's report makes a sound recommendation,

**IT IS HEREBY ORDERED** that the July 13, 2012 R&R (Dkt. No. 34) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff is awarded the sum of **$4,917.50** in attorneys' fees and costs.


Dated: August 10, 2012                    /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE