UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE J. POLICORO,

        Plaintiff,

                                              File No. 1:09-CV-71

v.

                                              HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendants.
        _____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**

On July 29, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2414 be granted in part and denied in part, and that an order be entered in Plaintiff's favor in the amount of $19,200.00 for attorney's fees. (ECF No. 41.) This matter is before the Court on Plaintiff's objections to the R&R (ECF No. 42).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff objects to the Magistrate Judge's finding that the number of hours expended in this matter is excessive and that the calculated hourly rate is unreasonable. Plaintiff asks this Court to recognize the contingency fee arrangement between Counsel and Ms. Policoro. The Court adopts the Magistrate Judge's conclusion that the calculated hourly rate is unreasonable, but finds that the number of hours expended is reasonable.

First, Counsel points to the existence of a contingency fee agreement that they claim this Court should honor under *Gisbrecht v. Barnnhart*, 535 U.S. 789 (2002). *Gisbrecht* requires that the Court review such arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 808. An attorney's recovery may be reduced "based on the character of the representation and the results the representative achieved." *Id.* Deductions are appropriate in "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

Ms. Policoro endured over a decade in delays before finally receiving her Social Security benefits. As a result, she is entitled to a large award based on the accrual of past-due benefits. Counsel, retained in August 2003 under a contingency fee agreement, stands to gain from each year Ms. Policoro was denied her benefits. The Court does not find that Counsel is culpable for the prolonged litigation. The Court does, however, find it unreasonable that

2

Counsel should reap a windfall portion of Ms. Policoro's long overdue entitlements on account of the delay. Deductions are therefore appropriate. *See Webb V. Richardson,* 472 F.2d 529, 537 (6th Cir. 1972) ("[C]ourts should be especially hesitant to award the statutory maximum in cases in which delays of any consequence have occurred.").

The court may require counsel to submit their normal hourly billing charge in non-contingent fee cases "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808. Counsel claims that, if they had an hourly rate, Attorney Binder would charge $475 per hour and Attorneys Jones and LaPlace would charge $375 per hour. (ECF No. 39-2.) Counsel has provided no affidavits to support this calculation; no explanation of relevant market rates; no evidence of rates assessed by other attorneys practicing in the Social Security field in this venue. How counsel calculates an hourly rate is a mystery. *See Thatch v. Comm'r of Soc. Sec.,* No. 09-cv-0454, 2012 WL 2885432, at *4 (N.D. Ohio July 13, 2012).

The EAJA provides a starting point for calculating reasonable hourly rates: "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory hourly rate "is a ceiling and not a floor." *Begley v. Sec'y of Health & Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992); *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) ("[t]he $125 rate is a presumptive ceiling.").

3

Counsel must produce "appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In addition to the attorney's own affidavits, counsel must show "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citations omitted). Inflation alone cannot account for a rate increase because "[i]nflation affects different markets, and different costs in the same market, in different ways." *Mathews-Sheets*, 653 F.3d at 563. "[T]he "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

Counsel has failed to make any showing at all justifying a rate increase based on the standard rate in the relevant market. Therefore, left without guidance of Counsel, the Magistrate Judge reasonably referred to the State Bar of Michigan's Economics of Law Practice Survey for administrative law practitioners. (ECD No. 41). *See Mathews-Sheets,* 653 F.3d at 653 ("The lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government."). This Court agrees with the Magistrate Judge's initial calculation determining that Attorney Charles Binder's extensive experience in litigation appropriately justifies a rate at $420 per hour. Attorneys Jones and LaPlace, as less experienced attorneys, suggests a rate

4

at $200 per hour, which is 160% of the statutorily provided hourly fee.

Second, Counsel objects to the Magistrate Judge's finding that Counsel expended excessive hours on this case. In its Motion, Counsel provided itemization to support the 94 total hours devoted to this case. (ECF No. 39-3.) Counsel points to case law demonstrating that courts have found that comparable hours expended in similar cases are reasonable. *See Scott v. Astrue*, No. 08c 5882, 2012 WL 527523, at *4, 6 (N.D. Ill. Feb. 16, 2012) (finding 218.7 hours reasonable, at an EAJA adjusted hourly rate of $171.25 for district court work and $175.00 for appellate work); *Fraction v. Bowen*, 859 F.2d 574, 574 (8th Cir. 1988) (45.75 hours at EAJA rate of $75 per hour for appellate work); *Defrancesco v. Sullivan*, 803 F. Supp. 1332, 1338 (N.D. Ill. 1992) (228 hours reasonable at an EAJA adjusted rate of $112.20 per hour). The Court finds these cases are illustrative examples of reasonable hours expended in similar cases and billed at EAJA adjusted rates. Unfortunately, the Magistrate Judge did not provide full support in his Report and Recommendation to support his finding that Counsel's hours were excessive. Therefore, this Court finds under *de novo* review that Counsel's 94 hours of work at the district court and appellate court is reasonable at EAJA adjusted rates of $420 per hour for Attorney Binder and $200 per hour for Attorneys Jones and LaPlace. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the July 29, 2014, R&R (ECF No. 41) is **ADOPTED AS MODIFIED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel is **AWARDED** $19,900.00 in fees, and counsel must **REMIT** the $11,225.00 previously obtained under the EAJA to plaintiff.

Dated: September 15, 2014  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE